UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.  Case No. 8:06-CV-1738-T-27MAP

WAYNE STALLSMITH,
MICHAEL W. STALLSMITH
A. SCOTT PETERSON

Defendants.
_____/

## ORDER

**BEFORE THE COURT** are: (1) *pro se* Defendant Wayne Stallsmith's Motion for Settlement (Dkt. 13), to which the United States has responded in opposition (Dkt. 22); (2) Defendant Wayne Stallsmith's Motion to Discharge Notices of Federal Tax Lien (Dkt. 15), to which the United States has responded in opposition (Dkt. 20); (3) Defendant Wayne Stallsmith's Application for Discharge of Lis Pendens (Dkt. 16), to which the United States has responded in opposition (Dkt. 21); and (4) Defendant Wayne Stallsmith's Motion to Dismiss Complaint (Dkt. 25), to which the United States has responded in opposition (Dkt. 26).[1]

In this action, the United States seeks to reduce Defendant Wayne Stallsmith's unpaid federal income tax liabilities to judgment and foreclose on a tax lien against certain real property, in which Defendant purportedly holds an interest, in satisfaction of unpaid tax liabilities. (Compl., Dkt. 1). Defendant's recurring argument in the four motions now before the Court is that he is not the owner of the subject property. Rather, he contends that he possesses a life tenancy and that the property is

---

[1] The United States alternately styles its response to the Motion for Dismissal as a "Motion to Strike Motion for Dismissal," which is improper and denied as moot.

1

owned by 7 Gables Management, "a Pure Trust Organization (PTO), a Common Law entity that has no tax obligations with the Federal United States." (Dkt. 15 at 1). Defendant's motions are addressed in turn.

*1.    Motion for Settlement*

The Court has the authority to refer this case to mediation, pursuant to Local Rules 9.03 and 9.04. However, court-ordered mediation at this early stage of the litigation is premature, in part because the other named defendants have not yet been served. Defendant's motion for settlement is denied.

*2.    Motion to Discharge Notices of Federal Tax Lien*

Defendant argues that the Notices of Federal Tax Lien, which the United States has recorded in the Pinellas County property tax records, are not equivalent to federal tax liens, that they fail to specifically identify the subject property, and that Defendant is not the owner of the property.[2] Defendant has not shown that the Notices of Federal Tax Lien fail to meet the relevant requirements of 26 U.S.C. §§ 6321, *et seq.*, and there is no legal requirement that the subject property be specifically identified. *U.S. v. Union Cent. Life Ins. Co.*, 368 U.S. 291, 296 (1961). Moreover, Defendant has failed to show that the statutory conditions precedent to obtaining the requested affirmative relief have occurred. 26 U.S.C. § 6325 (release of lien is warranted when it is satisfied or becomes unenforceable); 26 C.F.R. § 301.6326.1 (appeal to district director is the exclusive administrative remedy to correct the erroneous filing of a notice of federal tax lien).

Defendant also argues in this motion, and in the other motions before the Court, that he is not the record owner of the subject property. Defendant has produced no factual or legal support for his argument, and his conclusory statement does not address the United States's contention that 7

---

[2] With respect to Defendant's income tax liability for the 1993 tax year, the United States filed a notice of federal tax lien on March 13, 1997, which was refiled on August 29, 2006. With respect to Defendant's 2001 income tax liability, the United States filed a notice of federal tax lien on August 29, 2006.

Gables Management is a sham entity, to which Defendant made a fraudulent transfer of the subject property. If the United States prevails in showing that Defendant's conveyance of the property to 7 Gables Management was a fraudulent transfer, the property would be subject to the federal tax lien and foreclosure. *Thompson v. Adams*, 685 F. Supp. 842, 845 (M.D.Fla. 1988).

The motion to discharge the notices of federal tax lien is therefore denied.

*3.    Application for Discharge of Lis Pendens*

In his application for discharge of the notice of lis pendens, Defendant has failed to identify any deficiency in the notice of lis pendens, which was filed pursuant to 28 U.S.C. § 1964 and Fla. Stat. § 48.23. Nor has Plaintiff shown that this action was not "founded on a duly recorded instrument." Fla. Stat. § 48.23(3) (allowing a court to discharge the notice of lis pendens under this circumstance). Defendant's alternate argument, that the Court lacks jurisdiction over him, is "patently frivolous." *McNair v. Eggers*, 788 F.2d 1509, 1510 (11th Cir. 1986); *see also* 26. U.S.C. §§ 7402, 7403 (authorizing action by the United States in federal district court to enforce lien and sell subject property). Accordingly, this motion is denied.

*4.    Motion for Dismissal*

Plaintiff's motion for dismissal, as well as portions of his other motions, are premised on the argument that 7 Gables Management is exempt from tax liability. This argument is wholly irrelevant, given that the United States is not attempting to collect unpaid assessments from 7 Gables Management. In addition, Defendant has not shown he has standing to argue on behalf of this entity. To the extent Defendant's motion challenges the United States' position that the transfer of the subject property to 7 Gables Management was fraudulent, Defendant has not succeeded in demonstrating that his argument has any legal or factual support. The motion for dismissal is therefore denied.

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1) Defendant Wayne Stallsmith's Motion for Settlement (Dkt. 13) is **DENIED**;

2) Defendant Wayne Stallsmith's Motion to Discharge Notices of Federal Tax Lien (Dkt. 15) is **DENIED**;

3) Defendant Wayne Stallsmith's Application for Discharge of Lis Pendens (Dkt. 16) is **DENIED**;

4) Defendant Wayne Stallsmith's Motion to Dismiss Complaint (Dkt. 25) is **DENIED**;

5) The United States' Motion to Strike Motion for Dismissal (Dkt. 26) is **DENIED** as moot.

**DONE AND ORDERED** in chambers on this 18th day of January, 2007.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to:
Counsel of Record
Unrepresented Parties